IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KALDOON HADDAD | ) |
| | ) Case No. 16-cv-01279 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DELTA OUTSOURCE GROUP, INC., | ) |
| | ) Jury Demanded |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Kaldoon Haddad, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## VENUE AND JURISDICTION

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Kaldoon Haddad ("Plaintiff") is a resident of the state of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Commerce Bank, consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant Delta Outsource Group ("Delta") is a Missouri Corporation that does or transacts business in Illinois. Its registered agent and office is Incorp Services, Inc., located at

901 S 2nd St., Suite 201, Springfield, Illinois 62704. (Exhibit A, Record from Illinois Secretary of State).

5. Delta is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant Delta is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Defendant Delta holds a collection agency license from the state of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

8. Defendant Delta is a "debt collector" as defined in in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

9. Plaintiff allegedly incurred a debt for goods and services used for personal purposes, originally for a Commerce Bank consumer credit card account ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

10. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

11. The alleged debt was subsequently assigned, or otherwise transferred to Delta for collection after default.

12. On November 25, 2015 Plaintiff filed for chapter 7 bankruptcy in the Northern District of Illinois Bankruptcy Court.

13. The United States Bankruptcy Court in the Northern District of Illinois notified Commerce Bank of the bankruptcy filing.

14. Commerce bank received electronic notice of the bankruptcy on December 2, 2015. (Exhibit C, Certificate of Notice of Filing).

15. The Notice of Filing includes Plaintiff's attorneys' name and phone number.

16. On information and belief, Commerce updated its internal notes on Plaintiff's account to reflect the bankruptcy filing and attorney representation.

17. Delta has ready access to Commerce Bank's collection notes.

18. Delta regular runs "banko scrubs" on debts it is collecting.

19. Two months later, on January 21, 2016, an agent from Delta called Plaintiff at his home.

20. The agent conveyed information regarding the alleged debt, including the identity of the current creditor, identity of the original creditor, account number and a current balance on the alleged debt.

21. The telephone call was thus a communication as that term is defined at §1692a(2) of the FDCPA.

22. The telephone call was an attempt to collect a debt.

23. 15 U.S.C. § 1692c of the FDCPA provides as follows:

> **(a) Communicating in connection with debt collection**
>
> **Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt…**
>
> **(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector unless the attorney consents to direct communication with the consumer.**

24. On January 22, 2015, Delta knew or could have readily ascertained that Plaintiff was represented by counsel because Bankruptcy Court had notified Commerce Bank of that fact on December 2, 2015.

25. Even though Delta knew or should have known that Plaintiff was represented by counsel, Delta communicated with a consumer in connection with the collection of a debt in violation of 15 U.S.C. § 1692c(a)(2) when called Plaintiff directly in connection with the collection of the alleged debt.

26. Plaintiff was upset by the call and experienced symptoms of emotional distress. Plaintiff had believed he would no longer be contacted by the debt collectors he included in the bankruptcy filing.

27. During the phone call, Delta attempted to collect the alleged debt from Plaintiff.

28. Creditors are not allowed to collect from debtors during the automatic stay. (11 U.S.C. §362(a)(6)).

29. At the time Delta communicated with Plaintiff the automatic stay was in effect because Plaintiff's chapter 7 bankruptcy had not been discharged.

30. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2)(A) The false representation of the character, amount, or legal status of any debt; or…**

31. Defendant misrepresented the legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when it told Plaintiff the debt was owed, when in fact, it was stayed by Plaintiff's bankruptcy filing.

32. When a debt collector tries to collect on a discharged debt or stayed debt the debt collector violates § 1692e(2)(A). *Turner v. JVDB & Assoc.*, 330 F.3d 997 (7th Cir. 2003).

33. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair Practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

34. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f and § 1692f and when it tried to collect a debt subject to a bankruptcy stay.

35. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT-CLASS CLAIMS

36. Plaintiff re-alleges above paragraphs as if set forth fully in this count.

37. Delta communicated with a consumer it knew to be represented in connection with the collection of a debt, in violation of 15 U.S.C. § 1692c(a)(2), when it contacted Plaintiff to collect an alleged debt.

38. Defendant misrepresented the legal status of an alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when it told Plaintiff the debt was owed, when in fact, it was stayed by Plaintiff's bankruptcy filing.

39. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f and § 1692f and when it tried to collect a debt subject to a bankruptcy stay.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

    A.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    D.    And such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
***Community Lawyers Group, Ltd.***
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com