# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

KALDOON HADDAD, )
 )
        Plaintiff, )
 )
   v. ) Case No. 16 C 1279
 )
DELTA OUTSOURCE GROUP, INC., )
 )
        Defendant. )

## MEMORANDUM ORDER

When this Court first received the Judge's Copy of the Answer and Affirmative Defenses ("ADs") that had been filed by Delta Outsource Group, Inc. ("Delta") in February 2016 in response to the Complaint brought against it by Kaldoon Haddad ("Haddad"), this Court noted several fundamental deficiencies in that responsive pleading and put it aside for the intended dictation of a sua sponte memorandum order requiring those flaws to be cured. Unfortunately the advent of several paper blizzards in other cases on this Court's calendar, coupled with the extensive work that each of them entailed, combined to sidetrack the issuance of the corrective memorandum order and, even more regrettably, caused the burial in one of those blizzards of the offending pleading in this action. It has now come to light again -- and this memorandum order is the "better late than never" result.

To begin with, Delta has coupled each of its Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimers[1] with the statement "and therefore denies same" (Answer ¶¶ 9, 10, 13, 14, 16 and 29). It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough

---

[1] No view is expressed here as to whether any of those disclaimers are appropriately or inappropriately advanced in substantive terms.

information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

Next comes an equally impermissible practice, the assertion that certain of Haddad's allegations "state a legal conclusion to which no response is required" (Answer ¶¶ 9, 21, 28, 32 and 35). Not so -- see App'x ¶ 2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). When Delta's counsel return to the drawing board, as they must, the challenged allegations must be responded to appropriately.

Lastly, Delta's counsel commit another of the venial (not mortal) sins referred to in <u>State Farm</u> (its App'x ¶ 3) by asserting that the document referred to in Complaint ¶ 15 "speaks for itself and is the best evidence of its content." Answer ¶ 15 is also stricken.

To provide a single document from which the reader can see just what is and what is not placed in issue between the parties, Delta's entire pleading is stricken. That action is without prejudice, of course, to the filing of a self-contained Amended Answer on or before April 29, 2016.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 13, 2016